UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:12-cr-00133-SEB-TAB-13 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| AMBER RICE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cr-00133-SEB-TAB |
| | ) | |
| AMBER RICE, | ) -13 | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Pending before the court is Amber Rice's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) of the First Step Act of 2018. Dkt. 1948. Ms. Rice seeks immediate release and the reduction of her sentence to time served.

Ms. Rice filed her motion on September 10, 2020. Dkt. 1948. Counsel was appointed and filed a brief in support. Dkts. 1949, 1954. The Government has opposed the motion, dkt. 1965, and on November 30, 2020, Ms. Rice replied, dkt. 1969. The merits of the motion for compassionate release are ripe for the Court's consideration.

For the reasons stated below, her motion is **DENIED**.

### I.
### BACKGROUND

On October 25, 2013, after a guilty plea, this Court sentenced Ms. Rice to 180 months' imprisonment for conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846. Dkt. 802. This sentence was to be followed by five years of supervised release. *Id.*

2

Ms. Rice is currently incarcerated at FMC Carswell in Fort Worth, Texas. She has served over eight-and-a-half years, which amounts to about two-thirds of her sentence. Dkt. 1965-1. She has approximately four-and-a-half years remaining to serve with an expected release date of May 5, 2025. *Id.*

Before filing her motion for release with this court, Ms. Rice asked the Warden of FMC Carswell to approve compassionate release for her based on the risks posed by the COVID-19 outbreak. Dkt. 1948-4. Her request was denied on July 31, 2020. *Id.* The warden found that Ms. Rice's concerns about contracting COVID-19 were not sufficient to warrant release in light of the measures the BOP has taken to prevent its spread. *Id.*

As of December 11, 2020, FMC Carswell reported two active inmate and three active staff cases of COVID-19, and also reported that six inmates have died, and that 501 inmates and staff have recovered. *See* www.bop.gov/coronavirus.

## II.
### DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

> behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . )." It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, __ F. 3d __, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection

5

(D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Ms. Rice argues that the Court should order her immediate release because her medical conditions place her at high risk for severe illness from COVID-19 and therefore amount to extraordinary and compelling reasons for release. In addition, she argues that she is not a danger to the community and that the sentencing factors in 18 U.S.C. § 3553(a) favor her release. The Government opposes the motion, arguing that Ms. Rice has not shown that her health conditions are extraordinary and compelling and the 18 U.S.C. § 3553(a) factors do not favor release. The Government concedes that Ms. Rice has exhausted her administrative remedies. Dkt. 1965 at 3.

### A. Extraordinary and Compelling Reasons

Ms. Rice does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide her with an extraordinary and compelling reason warranting release. Instead, she asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.

Ms. Rice is forty years old and suffers from obesity with a body mass index ("BMI") of 39.6.[1] Dkt. 484-1. The Centers for Disease Control (CDC) consider obesity to be a medical condition that increases one's risk of severe symptoms.[2] Thus, Ms. Rice is at an increased risk of severe symptoms if she contracts COVID-19. The Government contends that Ms. Rice's obesity is not an extraordinary and compelling reason for release. But the Government frequently concedes that having a CDC-identified COVID-19 risk factor satisfies the "extraordinary and compelling" prong of § 3582(c)(1)(A)(i), even when the defendant is not limited in providing self-care and, thus, does not qualify under subsection (A). *See, e.g.*, *United States v. Finan*, No. 1:17-cr-87-TWP-MJD-1, dkt. 145 at 13 (S.D. Ind. June 23, 2020) ("Therefore, because [the defendant] has established that he has a CDC-identified COVID-19 risk factor, the government does not contest that he has satisfied the 'extraordinary and compelling reason' prong of section 3582(c)(1)(A)(i)."); *United States v. Sanders*, No. 3:06-cr-23-RLY-WGH-1, dkt. 31 at 6 (S.D. Ind. Oct. 26, 2020) ("The government concedes that the defendant has presented 'extraordinary and compelling circumstances,' in that he has at least one condition that puts him at an increased risk of severe illness from COVID-19. . . . Specifically, he is obese.").

But even if the Court were to find that Ms. Rice has shown extraordinary and compelling reasons based on her health, that conclusion does not end the analysis because the statute also directs the Court to consider the sentencing factors in 18 U.S.C. § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). The Court has considered the sentencing factors in § 3553(a) and concludes that Ms. Rice's motion for sentence reduction must be denied.

---

[1] Ms. Rice suffers from a host of other chronic illnesses including mental illness and permanent injuries to several organs after she was involved in a serious accident. Because those conditions are not listed as CDC risk factors while obesity is, the Court focuses on her obesity.

[2] CDC, *COVID-19 (Coronavirus Disease): People with Certain Medical Conditions* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 1, 2020).

### B.     Section 3553(a) Factors

The Court finds that the applicable § 3553(a) sentencing factors weigh against granting Ms. Rice compassionate release.

The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Ms. Rice's motion.

#### 1. Nature and Circumstances of the Offense

First, the Court finds that Ms. Rice's crimes were very serious.

Ms. Rice participated in a large conspiracy to traffic methamphetamine involving, among others, inmates at the Indiana Department of Correction. Dkt. 721 at ¶¶ 13–15. One of the inmates, Justin Adler, provided Ms. Rice with a vehicle in exchange for her transporting methamphetamine to and from various regions of Indiana. *Id.* at ¶ 15. Ms. Rice also received a small profit for each gram of methamphetamine she distributed. *Id.* Ms. Rice was arrested with two co-conspirators after a traffic stop resulted in the seizure of over 100 grams of

methamphetamine. *Id.* at ¶ 19. Ms. Rice was aware of the scope of the conspiracy; over the course of her involvement, over 1.5 kilograms of methamphetamine was distributed throughout Indiana. *Id.* at ¶ 20. The Court considered Ms. Rice's level of involvement in the conspiracy when it sentenced her to 180 months. Dkt. 1553 at 50–51.

### 2. History and Characteristics of the Defendant

Ms. Rice's criminal history is not insignificant. It includes convictions for felony drug possession, theft, and identity theft, and she had pending state charges for theft, burglary, and dealing in methamphetamine at the time of her arrest for the instant offense. *Id.* at ¶¶ 39–41, 44–46. However, she has no history of violence.

The Court recognizes that Ms. Rice has taken steps to rehabilitate herself while in prison. She has had only one write-up and has engaged in educational and vocational courses. Notably, Ms. Rice has received praise from both her supervisor and fellow inmates for her work as a Culinary Arts Clerk in the Vocational Training Program. Dkt. 1954-5 and 1973-1 at 4–5. Ms. Rice also has an engaged and supportive family who will help her upon her release. Dkts. 1954-7 and 1973-1 at 1–3. The Court commends Ms. Rice's efforts during her incarceration. If Ms. Rice had served more of her sentence, the Court would find that her rehabilitative efforts and support network weigh in favor of release.

In addition, as described above, Ms. Rice has obesity and other chronic health conditions. Those conditions appear to be adequately managed in the institutional setting. *See* dkt. 1954-1. That said, Ms. Rice's obesity places her at an increased risk of becoming seriously ill if she contracts COVID-19. The BOP has implemented a number of measures to prevent the spread of the virus, but courts have recognized that the nature of prisons presents an outsized risk that "the COVID-19 contagion, once it gains entry, will spread," *see, e.g.*, *United States v. Hernandez*, __

F. Supp. 3d ___, No. 18 Cr. 834-04 (PAE), 2020 WL 1684062, at *3 (S.D.N.Y. Apr. 2, 2020). However, it is relevant that FMC Carswell is not currently a COVID-19 hotspot. The facility had an outbreak at some point with over 500 inmates infected, but with current numbers in the single digits, it is now managing the spread of the virus. Moreover, Ms. Rice has received COVID tests every two weeks and has not tested positive. Dkt. 1954-1.

The Court is aware of the risks to Ms. Rice and has weighed them in its consideration of the § 3553(a) factors.

### 3. Need for the Sentence Imposed

Ms. Rice received a 180-month sentence and has served about two-thirds of her sentence. Dkt. 1965-1. She has approximately four-and-a-half years remaining to serve with an expected release date of May 5, 2025. *Id.* Given the seriousness of Ms. Rice's crime, releasing her more than four years before the expiration of her sentence would minimize the seriousness of the offense.

### 4. Unwarranted Sentencing Disparities

Ms. Rice's 180-month sentence was below her guideline range of 210 to 262 months based on her total offense level of 35 and criminal history category of III. Dkt. 721 at ¶ 87. If the Court were to grant Ms. Rice's motion, she would have served only about the mandatory minimum of 120 months (considering good time credit), which the Court considered inappropriate at the time of her sentencing.

Given its consideration of the applicable § 3553(a) factors, the Court concludes that the risk to Ms. Rice from the COVID-19 pandemic is not enough to tip the scale in favor of release. *See United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the

10

§ 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence). FMC-Carswell is not a COVID-19 hotspot, and Ms. Rice has not served enough of her sentence for this very serious crime.

### III.

#### CONCLUSION

For the reasons stated above, Ms. Rice's Motion for Compassionate Release, dkt. [1948], is **denied**.

**IT IS SO ORDERED.**

Date: 12/15/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel